## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DONALD L. LONG, et al.,

        Plaintiffs,

v.                                  Case No.  04-2025-CM-DJW

LANDVEST CORPORATION, et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Amend the Complaint (doc. 45).  For the reasons stated below, the Motion is granted.

### Background

The existing Complaint asserts violations of (1) the Fair Labor Standards Act [Count I]; (2) the Age Discrimination in Employment Act [Count II]; and (3) the Americans with Disabilities Act [Count III] against the following three defendants:

- Landvest Corporation, an entity that manages and operates Security Self-Storage facilities throughout the United States;

- Stephen L. Clark, as partner in Security Self Storage; and

- Orlin E. Ard, Jr., as partner in Security Self Storage.

In their Motion, Plaintiffs seek to (1) add fifteen new defendants to all three counts in the Complaint; (2) add claims on behalf of all similarly situated Resident Managers to the individual FLSA claim [Count I] and the individual ADEA claim [Count II] claim; and (3) add further claims for damages.

With the exception of the additional damage claims, Defendants oppose the proposed amendments on grounds of futility.

## Discussion

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[1]  Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[2]  Leave to amend, however, is to be "freely given when justice so requires," and the Supreme Court has emphasized that "this mandate is to be heeded."[3]  The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[4]

Although Rule 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.[5]  A motion to amend may be denied as futile if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim.[6]  The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief"[7] or when

---

[1] Fed. R. Civ. P. 15(a).

[2] *Id.*

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[5] *Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citing *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir.1997)).

[6] *Id.*; *Schepp v. Fremont Cty.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

[7] *Poole v. Cty. of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

an issue of law is dispositive.[8] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[9] The issue in resolving a motion such as this is "not whether [the claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[10]

A.   **Are Plaintiffs Entitled to Offer Evidence to Support Their Claim that the Proposed Defendants Meet the Definition of "Employers" under the Applicable Statutes?**

Plaintiffs seek to add fifteen entities as new defendants on the theory that these entities operated in connection with Defendant Landvest as a single employer of plaintiffs and other similarly situated Resident Managers. Alternatively, Plaintiffs claim that the new defendants, along with Landvest, "jointly determined the essential terms and conditions of employment such that defendants constituted a joint employer of plaintiffs and other similarly situated Resident Managers."

Defendants maintain adding the new defendants would be futile as a matter of law, as there are no facts to support Plaintiffs' assertion in the Amended Complaint that the operations of the proposed defendants are sufficiently integrated to constitute either a single employer or joint employers under the FLSA, the ADA and the ADEA. Defendants further maintain that even if there were facts to support a claim of single employment by one or all of these individual entities, none of the proposed entities employ the minimum number of employees as required by statute to secure relief.

------------------------------

[8]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[9]*Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[10]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

The Court is not persuaded by Defendants' argument.  As noted above, the issue before the Court on Defendants' allegation of futility is not whether Plaintiffs ultimately will prevail on the proposed claims, but whether Plaintiffs are entitled to offer evidence to support the proposed claims.  Plaintiffs' request to amend must be denied only if it appears beyond a doubt that Plaintiffs can prove no set of facts in support of their proposed claims.

To that end, the factors to consider in determining whether defendants are single employers include (1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control.[11]  In order to determine whether the proposed defendants qualify as joint employers, the issue is whether the distinct entities "share or co-determine those matters governing the essential terms and conditions of employment."[12]  Finally, in order to determine whether the proposed defendants meet the minimum employee requirement, the issue is whether to aggregate employees, a situation that exists when one employer exercises control over the employees of another.[13]

In their proposed Amended Complaint, Plaintiffs allege an employment relationship with the proposed defendants under the applicable factors for both single and joint employers.  Plaintiffs also allege that the proposed defendants meet the statutory minimum employee requirement.  The Court finds these allegations, if ultimately proved, are sufficient to state a claim against the proposed defendants under the FLSA, ADA and  the ADEA.  In other words, viewing all reasonable inferences from the facts alleged in

---

[11]*Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1220 (10th Cir. 2002) (citing *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 571-72 (6th Cir. 1984)).

[12]*Sandoval v. The City of Boulder*, 388 F.3d 1312, 1323-24 (10th Cir. 2004) (quoting *Bristol*, 312 F.3d at 1218).

[13]*Burdett v. Abrasive Eng'g & Tech.*, 989 F. Supp. 1107, 1111 (D. Kan. 1997).

favor of Plaintiffs, the Court cannot conclude as a matter of law that Plaintiffs will be unable to prove the facts necessary to support their allegations.  The proposed defendants may very well be able to obtain summary judgment on the claims against them; however, it would be premature for the Court to deny Plaintiffs the opportunity to establish that the alleged employment relationship existed and that the minimum number of persons were employed.

**B.     Are Plaintiffs Entitled to Offer Evidence of Corresponding FLSA and ADEA Claims on Behalf of Allegedly Similarly Situated Resident Managers?**

Plaintiffs seek to add claims on behalf of all similarly situated Resident Managers to both the individual FLSA claim (Count I) and the individual ADEA claim (Count II).  Defendants argue amending the Complaint to add a proposed class of similarly-situated plaintiffs is futile because the allegations in Plaintiffs' Proposed Amended Complaint fail to meet the standard for class certification and because many of the proposed Plaintiffs may have claims that are time-barred.

As a preliminary matter, the FLSA claims of the proposed similarly-situated plaintiffs mirror those of the existing plaintiffs both factually and legally.  Because Defendants have not moved to dismiss the existing FLSA claims, and because those FLSA claims set forth the necessary essential elements within the applicable time limitation, they are not futile at this stage of the proceeding.[14]     As to whether there is an appropriate class of similarly-situated plaintiffs on both the FLSA and ADEA claims, the Court finds the facts relevant to this issue have not yet been developed in the record and are more appropriately addressed by the Court in considering a motion for class certification rather than a motion to amend the Complaint.

_____

[14]*Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.,* 175 F.3d at 859 (citing *Bauchman*, 132 F.3d at 559)).

5

Based on the discussion above, Plaintiffs' Motion to Amend (doc. 45) is granted and Plaintiffs shall electronically file and serve the referenced Complaint on or before **July 8, 2005.**

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of June, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

6