DJW/bh

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DONALD L. LONG, et al.,**
**individually and on behalf of other**
**similarly situated employees,**

**Plaintiffs,**

**CIVIL ACTION**

**v.**

**No. 04-2025-CM-DJW**

**LANDVEST CORPORATION, et al.,**

**Defendants.**

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiffs' Motion to Compel Defendants' Discovery Responses (doc. 90). Plaintiffs seek an order compelling Defendants Landvest Corporation, Stephen L. Clark and Orlin E. Ard (collectively "Respondents") to respond to various First Interrogatories and First Requests for Production. Plaintiffs also seek an order requiring Respondents to pay the reasonable fees and expenses Plaintiffs have incurred in making the Motion to Compel.

For the reasons set forth below, the Motion to Compel will be granted in part and denied in part. In addition, Plaintiffs' request for fees and expenses will be granted in part pursuant to Federal Rule of Civil Procedure 37(a)(4)(C).

## I.      Background Information

Plaintiffs Donald Long and Evelyn Merchant filed this action on January 22, 2004 against three parties: Landvest Corporation ("Landvest"); Stephen L. Clark ("Clark"), as a partner in Security Self-

Storage; and Orlin E. Ard, Jr. ("Ard"), as a partner in Security Self-Storage. Both Plaintiffs asserted claims against Respondents for violations of the Fair Labor Standards Act ("FLSA"),[1] and the Age Discrimination in Employment Act ("ADEA").[2] Plaintiff Long also asserted a claim against Respondents for violation of the Americans with Disabilities Act ("ADA").[3]

Plaintiffs alleged in their initial Complaint that they were employed by Respondents as Resident Managers at a Security Self-Storage facility in Shawnee, Kansas during the period 1993 through June 6, 2003. According to Plaintiffs, Clark and Ard, through their partnership known as "Security Self-Storage," owned and operated the Shawnee facility and a number of other Security Self-Storage facilities throughout the United States. Plaintiffs also alleged that Landvest, through a contractual arrangement with Clark and Ard, managed and operated, and continue to manage and operate, all of Clark and Ard's Security Self-Storage facilities.

With respect to their FLSA claim, Plaintiffs alleged in their initial Complaint that Respondents failed to pay them for all hours worked and failed to pay overtime in violation of the FLSA. Plaintiffs asserted that Landvest and the Security Self-Storage partnership were enterprises within the meaning of the FLSA. With respect to their ADEA claim, Plaintiffs alleged in the initial Complaint that they were willfully terminated from their employment on the basis of their age and that they were replaced by younger employees, in violation of the ADEA.

---

[1] 29 U.S.C. §§ 201, *et seq.*

[2] 29 U.S.C. §§ 621, *et seq.*

[3] 42 U.S.C. §§ 12101, *et seq.*

Finally, with respect to the ADA claim, Plaintiff Long alleged in the initial Complaint that Respondents either perceived or regarded him as being disabled and terminated his employment on that basis. Long asserted that Respondents were his employers within the meaning of the ADA.

Plaintiffs served their First Set of Interrogatories and First Requests for Production on Respondents on December 1, 2004. Respondents served their initial responses and objections to the discovery requests on February 11, 2005, and followed them with supplemental responses on April 22, 2005. Plaintiffs then filed their Motion to Compel on May 9, 2005. Respondents responded to the Motion to Compel on June 3, 2005. Several weeks later, Plaintiffs were granted leave to file an amended complaint, which they filed on July 6, 2005.

Plaintiffs' Amended Complaint (doc. 102) is filed on behalf of Donald Long and Evelyn Merchant themselves and on behalf of other similarly situated employees. It asserts violations of the FLSA and ADEA against Clark, Ard, Landvest, and fifteen other entities (collectively "Defendants"). Those fifteen entities are various partnerships, corporations, limited liability companies, and trusts that Plaintiffs allege are associated with the Security Self-Storage businesses. Long also asserts an individual claim for violation of the ADA against Defendants. There are now a total of eighteen Defendants in the case.

The Amended Complaint alleges that through the various partnerships, corporations, limited liability companies, and trusts which have been named as Defendants, Clark and Ard own, operate, and manage more than fifty Security Self-Storage facilities throughout the United States, including the facility at which Plaintiffs were employed. Plaintiffs claim that through a contractual arrangement with Defendants, Landvest manages and operates all of Defendants' Security Self-Storage facilities in the United States. In addition,

they allege that through that contractual arrangement, Defendants acknowledge, condone, and ratify Landvest's hiring practices and treatment of employees, in addition to Landvest's employment contracts with the Resident Managers.

In the Amended Complaint, Plaintiffs claim that at all times relevant to the action, Defendants' operations were integrated such that Defendants constituted a single employer of Plaintiffs and other similarly situated Resident Managers. In the alternative, Plaintiffs allege in the Amended Complaint that Defendants jointly determined the terms and conditions of the Resident Managers' employment, such that Defendants constituted a joint employer of Plaintiffs and other similarly situated Resident Managers.

Plaintiffs have filed a motion to provisionally certify this action as a collective action.[4] They seek provisional certification of two collective actions: one under the FLSA and one under the ADEA. The motion is scheduled to be heard on April 13, 2006.

## II.     Analysis

### A.     First Set of Interrogatories

#### 1.     *General Objections*

Plaintiffs ask the Court to overrule various "General Objections" asserted by Respondents to the Interrogatories.

##### a.     First General Objection

In their first General Objection, Respondents state that their interrogatory responses and any further responses to discovery propounded by Plaintiffs "are made without acknowledgment of the materiality or

---

[4]*See* doc. 172, filed Jan. 17, 2006.

relevancy of any of the information requested by Plaintiffs."    The Court finds such an objection to be meaningless and overrules it.

> b.        Second General Objection

In their Second General Objection, Respondents object to Plaintiffs' interrogatories as improperly captioned and improperly seeking information about the fifteen other  entities that were joined as Defendants in the Amended Complaint, which was not filed until months after the interrogatories and requests for production were served.

As noted above, the Complaint on file at the time the discovery requests were served named only *three* parties as defendants:  Landvest, Clark, and Ard.  Notwithstanding that fact, the captions on the interrogatories and requests for production at issue named *eighteen* parties as defendants: various partnerships, companies, corporations, and trusts, in addition to Landvest, Clark, and Ard. These were the same entities and parties named in the Amended Complaint, which was not filed until seven months later. Furthermore, the "Definitions and Instructions" sections of the Interrogatories defined "Defendant" as "each of the named Defendants in Plaintiffs' *Amended* Complaint."[5]

The Court will sustain this General Objection.  The discovery requests were served on December 1, 2004.  The Motion to Amend, however, was not granted until June 30, 2005, and the Amended Complaint was not filed until July 6, 2005.  Consequently, the only entities/individuals that fell within the scope of "Defendant" when the discovery was propounded and answered were Landvest, Clark, and Ard.  The Court thus finds that Landvest, Clark, and Ard were required only to respond as to themselves when

―――――――――――――――――――

[5]Emphasis added.

information or documents were requested of "Defendants."  The fact that the Complaint was amended more than seven months later to join new parties did not retroactively impose a duty on Respondents to go back and provide the requested information for the fifteen newly-added defendants.  If Plaintiffs wished to obtain this discovery about the newly named defendants, they should have served additional discovery requests after the Amended Complaint was filed.

In light of the above, the Court will sustain Respondents' Second General Objection.  Accordingly, where the discovery requests refer to "Defendants" or "you" that shall mean only Landvest, Clark, and Ard.  For example, if an interrogatory seeks information relating to "Defendants," Respondents need only provide information relating to Landvest, Clark, and Ard.

c.        Third and Fourth General Objections

Respondents assert a general objection to those interrogatories that ask them to identify, provide or describe any information, documents or things which were known, provided, or existed  "at any time" or within the "last ten years."  Respondents also assert a general objection to the geographic scope of the interrogatories.   As Respondents re-assert those general objections in response to the individual interrogatories at issue, and the parties discuss these objections with respect to the specific interrogatories, the Court will do likewise.  Consequently, Respondents' temporal and geographic scope objections are analyzed below in connection with the specific interrogatories at issue.

d.        "To the Extent That" General Objections

Respondents state in their response to the Motion to Compel that they have withdrawn the general objections they asserted in paragraphs five, six, seven, eight and ten of their interrogatory answers, where

6

they assert objections "to the extent that . . . ."  They also state they have not withheld any information premised on these general objections.  The Court therefore finds the Motion to Compel moot as to these general objections.

The Court will now address the specifics objections that Respondents asserted in response to the interrogatories at issue.

### 2. *Interrogatory No. 1*

In their supplemental responses to this interrogatory, Respondents withdrew their objections. They concede, however, that they inadvertently failed to answer that portion of the interrogatory asking Respondents to state the reasons for Plaintiffs' termination.  If Respondents have not already done so, they shall, **within thirty (30) days of the date of this Order**, serve a supplemental response to this interrogatory providing this requested information.

### 3. *Interrogatory No. 5*

This interrogatory requests various information about Clark, Ard, and "the other remaining named Defendants."  With respect to "the other remaining Defendants," the interrogatory asks for information regarding the formation of each "Defendant" and any partnership agreements, operating agreements, articles of incorporation, and related documents.  It also seeks information regrading any individuals who have an ownership interest in, or ownership relationship, contractual relationship, or other relationship with "Defendant."  Finally, it asks Respondents to describe the "business purposed of each "Defendant."

Respondents have withdrawn their  vague and ambiguous objection to this interrogatory, and have supplemented their answer.  They have now provided the requested information for Landvest, Clark, and

Ard.  In addition, they have provided the requested information for two other entities they claim have an ownership interest in the Shawnee facility that employed Plaintiffs, i.e., Security Portfolio IV, L.P., and Portfolio 2000 Corporation.  Respondents object to providing the information requested for any other entities, i.e., the other entities named as defendants in the Amended Complaint, on the basis of their Second General Objection, and on alternative grounds of relevance, undue burden, and overbreadth.

The Court finds that Respondents' Second General Objection, which the Court has sustained, applies here.  As Landvest, Clark and Ard were the only named defendants at the time the interrogatories were served, they fully responded when they provided the requested information about themselves. Respondents' Second General Objection relieves Respondents of any obligation to provide information for any other entities.  Consequently, the Court will deny the Motion to Compel with respect to this interrogatory.

### 4.    Interrogatory No. 6

Interrogatory No. 6 asks Respondents to identify any other persons or entities that have *not* been named in Plaintiffs' Amended Complaint but which have an ownership interest in *any* Security Self-Storage facility.  Respondents objected on grounds that this interrogatory is unduly burdensome, is not likely to lead to the discovery of admissible evidence, and seeks irrelevant information.  Respondents argue that this action has not been certified this action as a collective action, and that, at present, the only claims in this case are those of Plaintiffs Long and Merchant arising out of their employment at the Shawnee, Kansas facility.  They also argue that the only entity which had any employment relationship with Plaintiffs was Landvest, and that no owner of any Security Self-Storage facility has any employment relationship with any

8

Resident Manager who works at a Security Self-Storage facility. Thus, according to Respondents, information regarding these owners has no relevance to whether any other Resident Managers are similarly situated to Plaintiffs.

The Court agrees with Respondents that this information is not relevant to any of Plaintiffs' *individual* claims. Respondents have already provided the requested information pertaining to the parties' ownership interests in the Shawnee facility. Providing the requested information about any other facility, where Plaintiffs were never employed, has no apparent relevance to their individual FLSA, ADEA, or ADA claims.

With respect to Plaintiffs' proposed collective action claims, however, the issue is not as clear cut. Notwithstanding Respondents' assertion that no other entity besides Landvest has an employment relationship with any Security Self-Storage Resident Manager, the Court finds that Plaintiffs should be allowed to conduct discovery to determine if this is indeed the case. In addition, the Court finds that this information may be pertinent to Plaintiffs' class-wide claims. While the Court has yet to rule on Plaintiffs' motion for provisional certification, that does not mean Plaintiffs are barred from conducting *any* class-wide discovery at this juncture. Courts typically allow pre-certification discovery that relates to, or is necessary for, defining the proposed class, i.e., discovery which seeks "to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action."[6] The Court finds that the requested information may lead to the discovery of evidence relating to the employment relationship, if any, existing between any Resident Manager and the owner of any Security Self-Storage facility. Such

---

[6]*Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003).

information would be pertinent to defining the proposed class of similarly situated Resident Managers.  The Court therefore overrules Respondents' relevancy objections to this interrogatory.

The Court also overrules Respondents' unduly burdensome objection, as Respondents have failed to support it.   As the parties asserting undue burden, Respondents have the burden to support their objection, by showing not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.[7]  This typically requires providing an affidavit or other evidentiary proof of the expense or time involved in responding to the discovery request.[8] Respondents have made only a conclusory allegation of burdensomeness, and have provided no detailed explanation, affidavit, or other evidence which demonstrates that providing this information would be burdensome, time-consuming, or expensive.  The Court will therefore grant the Motion to Compel as to this interrogatory.

>    5.    *Interrogatory No. 7*

Interrogatory No. 7 asks Respondents to provide certain information for each "Defendant" pertaining to "Defendant's books of account and other records."  Respondents objected to the term "other records" as vague, ambiguous, and overly broad.   Respondents have, however, responded to the interrogatory with respect to Landvest and the two other entities it asserts have an ownership interest in the Shawnee facility, i.e., Security Portfolio IV, L.P., and Portfolio 2000 Corporation.  As for these three

---

[7]*Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004).

[8]*Cardenas*, 232 F.R.D. at 380; *Swackhammer*, 225 F.R.D. at 666.

entities, Respondents have provided the requested information except to the extent the interrogatory seeks information pertaining to "other records."

Plaintiffs indicate that their Golden Rule letter to Respondents qualified the term "other records" to mean "accounting and financial records."   The Court does not find the term "accounting and financial records" to be vague or ambiguous.  Thus, to the extent Respondents have not fully answered this interrogatory as to Landvest, Security Portfolio IV, L.P., and Portfolio 2000 Corporation based on their vague and ambiguous objection, they shall provide a supplemental response.

Respondents  also objected to this interrogatory on the basis that it is unduly burdensome and irrelevant, and they object to providing the requested information for any entity not named a defendant in the initial Complaint.  The Court finds that Respondents' Second General Objection is applicable here, such that no information need be provided for parties other than those named as defendants in the initial Complaint.  Thus, information only need be provided for Landvest, Clark, and Ard.

Respondents provided the requested information for Landvest in their supplemental responses; however, it does not appear they provided the requested information for Clark and Ard.  The Court finds that Respondents have not shown how providing this information for Clark and Ard would be unduly burdensome.  Thus, the undue burden objection is overruled as to Clark and Ard.

Respondents also asserted a relevance objection.  While neither party addresses relevance in terms of Clark and Ard responding to this interrogatory, the Court finds that the only books of account and financial and accounting records of Clark and Ard which would be relevant are those that pertain to any Security Self-Storage Facility.  Thus, the Court will grant the Motion to Compel as this interrogatory

pertains to Clark and Ard, but they need only provide the requested information as it pertains to any Security Self-Storage facility.  Respondents' supplemental response to this interrogatory shall be served within **thirty (30) days** of the date of this Order.

### 6.     *Interrogatory No. 8*

This interrogatory seeks certain information about all Security Self-Storage facilities managed by Landvest.  The interrogatory asks Respondents to identify the owners, addresses, and telephone numbers of each facility presently managed by Landvest.  It also asks Respondents to identify any agreements, presently in existence or in existence within the preceding ten years, whereby Landvest has assumed any management responsibilities for the facilities.

Respondents objected on the basis of undue burden and overbreadth, and specifically objected to the geographical and temporal scope.  Respondents also objected on the basis that the interrogatory seeks information regarding entities and individuals who were not named as parties in the initial Complaint, and that the information requested is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving those objections, Respondents did provide the requested information for the Security Self-Storage facilities located in the Kansas City Region, which are under the responsibility of Regional Manager Jim Kelly.  Respondents have identified Mr. Kelly as the person who hired and supervised Plaintiffs and who made the decision to terminate their employment.  With respect to temporal scope, Respondents limited the information they provided regarding the management agreements, to the three-years preceding Plaintiffs' termination.

The Court finds that Respondents have not supported their undue burden objection and, thus, that objection is overruled.  The Court also overrules Respondents' relevance objections, as the Court finds this information is relevant to Plaintiffs' class-wide claims and may lead to the discovery of admissible evidence regarding employees who are similarly situated to Plaintiffs.  The fact that these entities have not been named as defendants in the lawsuit does not in and of itself render the information irrelevant or overly broad.

The Court agrees with Respondents that the ten-year period is overly broad.  Courts in employment and employment discrimination cases typically allow discovery for a reasonable period prior to, and following, the claimed violations or discrimination.[9]  As the FLSA allows for recovery for willful violations for a period of three years,[10] the Court finds that discovery covering the three-year period prior to Plaintiffs' termination to be a reasonable discovery period.[11]  Respondents are thus required to produce only those management agreements presently in existence or in existence within the three years preceding

---

[9]*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) ("Courts commonly extend the scope of discovery to a reasonable number of years both prior to and following [the liability period].").

[10]*See* 29 U.S.C. § 255 (providing a three-year statute of limitations for willful violations of the FLSA).

[11]*See Hammond v. Lowe's Home Center, Inc.,* 216 F.R.D. 666, 672 (D. Kan. 2003) (limiting discovery in FLSA case to three-year period prior to last alleged violation).  *See also Stoldt v. Centurion Indus., Inc.,* No. 03-2634-CM-DJW, 2005 WL 375667, at *2 (D. Kan. Feb. 3, 2005) (allowing discovery into three-year period before and two-year period after claimed employment discrimination); *Owens,* 221 F.R.D. at 655-56 (allowing discovery into period two and one-half years prior to the alleged employment discrimination); *Garrett v. Sprint PCS,* No. 00- 2583-KHV, 2002 WL 181364, at *3 (D. Kan. Jan.31, 2002) (allowing discovery into three-year period prior to the alleged discrimination to the present).

Plaintiffs' termination.  With this limitation, the Court grants the Motion to Compel as to Interrogatory No. 8.  Respondents shall serve a supplemental response to this interrogatory within **thirty (30) days** of the date of this Order.

       7.     *Interrogatory No. 9*

This interrogatory seeks the names of, and certain other information pertaining to, all Resident and Relief Managers employed at any Security Self-Storage facility in the last ten years.  Respondents objected on the basis that the interrogatory is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  More specifically, Respondents argue that its temporal and geographic scope is overly broad because it seeks information as to all Security Self-Storage facilities and for a ten-year period.  Respondents also argue that the interrogatory is overly broad and irrelevant because the case has yet to be certified as a collective action.  Without waving these objections, Respondents provided the requested information for Resident Managers and Relief Managers employed at Security Self-Storage facilities in the Kansas City Region during the period June 6, 2000 to the present, i.e., the three years preceding Plaintiffs' termination through the present.

Respondents argue in their response to the Motion to Compel that the interrogatory should be limited to the facilities in the Kansas City Region because those were the only facilities under the supervision of Regional Manager Jim Kelly.  They contend that Jim Kelly was the individual who made the decision to terminate Plaintiffs.

It is true that discovery is generally limited to the work unit that is supervised by the individual who is alleged to have discriminated against the plaintiff.[12]   Thus, if Jim Kelly were the only individual who made the decision to terminate Plaintiffs' employment, then the proper scope of discovery would most likely be those facilities that Kelly supervised.   Plaintiffs, however, point  to evidence indicating that Jim Kelly terminated Plaintiffs with the approval of his supervisors, David Mason and Marshall Millsap.[13]   Moreover, the Regional Manager's Handbook, which was produced by Respondents, indicates that "involuntary (company-initiated) terminations must be discussed with your supervisor."   The Court finds that, at the very least, there is a genuine issue of fact as to whether Jim Kelly was the sole decisionmaker, and, as a result, Plaintiffs' discovery should not be limited to those facilities he supervised.[14]   Rather, information should be provided for all facilities over which David Mason and Marshall Millsap had authority to make employment and termination decisions (hereinafter referred to as "Plaintiffs' work unit").

With respect to Respondents' temporal scope objection, Plaintiffs state that they have agreed to limit this interrogatory to the five years preceding Plaintiffs' termination through the present.   Respondents urge the Court to limit it to the three years preceding the termination.   For the same reasons discussed above, the Court finds a reasonable time period to be the three years preceding Plaintiffs' termination through the present, i.e., from June 6, 2000 to the present.

---

[12]*See, e.g.*, *Owens,* 221 F.R.D. at 653.

[13]*See* Respondents' Supp. Resp. to Interrog. No. 1 (Ex. H attached to doc. 91) ("Jim Kelly, David Mason and Marshall Millsap discussed terminating Plaintiffs before their termination.  Jim Kelly terminated Plaintiffs with David Mason and Marshall Millsap's approval.")

[14]*See Bryant v. Farmers Ins. Co, Inc*., No. 01-2390-CM, 2002 WL 1796045, at *3 (D. Kan. July 31, 2002) (allowing broader discovery where parties disputed who the true decisionmaker was).

The Court overrules Respondents' remaining assertion that the interrogatory is objectionable because the action has yet to be certified as a collective action. This information is relevant to Plaintiffs' individual claims and is therefore discoverable independent of whether the action is certified as a collective action. The Court also finds that this information may lead to the discovery of admissible evidence regarding Resident Managers who are similarly situated to Plaintiffs. Thus, this information should be discoverable even though a collective action has yet to be certified.

In light of the above, the Court will grant the Motion to Compel as to this interrogatory, and will direct Respondents to serve a supplemental response to this interrogatory. The response, however, shall be limited to the time period June 6, 2000 to the present, and shall be provided for those facilities over which David Mason and Marshall Millsap had authority to make employment and termination decisions.[15] Respondents shall serve their supplemental response to this interrogatory, as limited, within **thirty (30) days** of the date of this Order.

        *8.*    *Interrogatory No. 10*

Interrogatory No. 10 seeks information pertaining to Resident Managers and Relief Managers, and their spouses and other persons living with them, who have physical impairments. Respondents are asked

---

[15]The Court notes that this interrogatory seeks information for not only Resident Managers but "Relief Managers." None of the parties explains what a "Relief Manager" is or how such a position is similar to the Resident Manager positions held by Plaintiffs. Respondents have already provided information about "Relief Managers" employed in the Kansas City area facilities and have made no specific objection to producing information for "Relief Managers." Consequently, the Court will require that the requested information for Relief Managers be provided in addition to the information for Resident Managers.

to provide a detailed description of the nature of the physical impairment and to provide the individual's last known address and telephone number.  The interrogatory is not limited in its temporal scope.

Respondents objected on the basis that the interrogatory asks for a legal conclusion because they must decide whether the impairment satisfies the definition of disability under the ADA.  They argue the interrogatory therefore invades the attorney-client privilege and work product doctrine.  They also object on the basis that the interrogatory is unduly burdensome, overly broad because it is outside the temporal and geographic scope relevant to Plaintiffs' claims, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waving these objections, Respondents provided the requested information for Resident and Relief Managers employed at Security Self-Storage facilities in the Kansas City Region during the period June 6, 2000[16] to the present.

It their response to the Motion to Compel, Respondents do not reassert their attorney-client privilege or work product objections.  The Court therefore finds those objections to be abandoned.[17]

For the same reasons discussed in connection with Interrogatory No. 9, the Court finds that this interrogatory should not be limited to the Kansas City Region, as Respondents request.  Plaintiffs' work unit should be deemed to include the facilities over which David Mason and Marshall Millsap had authority to make employment and termination decisions.  Thus, the Court will direct Respondents to provide the

---

[16]This covers the three-year period preceding Plaintiffs' termination on June 6, 2003.

[17]When ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied up in response to the motion to compel.  *Cardenas v. Dorel Juvenile Group, Inc*., 232 F.R.D. 377, 380 n.15 (D. Kan. 2005).  Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.  *Id.*

requested information for the facilities over which Mason and Millsap had authority to make employment and termination decisions.  The Court agrees with Respondents that the temporal scope is overly broad, and will, for the reasons set forth above, limit the interrogatory to the period June 6, 2006 through the present.

With these limitations, the Court finds that the Motion to Compel should be granted. Respondents shall serve a supplemental response to this interrogatory, as limited, within **thirty (30) days** of the date of this Order.

9.      *Interrogatory No. 11*

This interrogatory asks Respondents to identify any contracts or agreements, by and between any two "Defendants," which are presently in existence or which existed any time during the ten years prior to the filing of Plaintiffs' lawsuit.  Plaintiffs have agreed to limit this interrogatory to "management or operation agreements between Landvest and the Security Self-Storage business entities" and to limit it to the five years preceding Plaintiffs' termination through the present.

Respondents asserted various objections to this interrogatory.  Respondents, however, have withdrawn many of those objections, and the only ones that remain are their objections to its temporal and geographical scope.  For the same reasons cited above with respect to Interrogatory Nos. 6 and 9, the Court overrules the objection to geographical scope.  The Court finds not only that this information is relevant to Plaintiffs' individual claims, but that it may also lead to the discovery of admissible evidence regarding other similarly situated employees.  Although a collective action has yet to be certified, Plaintiffs are entitled to this discovery to determine the identities of any other Resident Managers who may be similarly situated to Plaintiffs.  The Court, however, agrees with Respondents that the interrogatory is

18

overbroad in its temporal scope, and for the reasons noted above, will limit it to the three years preceding Plaintiffs' termination of employment through the present.  Respondents shall serve their supplemental response to this interrogatory, as limited herein, within **thirty (30) days** of the date of this Order.

### 10.    *Interrogatory Nos. 12 and 16*

Interrogatory No. 12 inquires about the information technology systems of "Defendants." Interrogatory No. 16 asks Respondents to provide certain information about e-mail software and servers used by "Defendants" during the five-year period preceding the filing of this lawsuit.  Respondents have provided the information requested in both of these interrogatories for Landvest, Ard, Clark, Security Portfolio IV, L.P., and Portfolio Corporation.  They object, however, to providing this information for any other entities.

The Court finds that Respondents' Second General Objection applies here.  In accordance with the Court's earlier ruling , the Court holds that no response relating to any other entities is required.  The Court will therefore deny the Motion to Compel as to these interrogatories.

### 11.    *Interrogatory No. 18*

This interrogatory asks Respondents to provide certain information about charges filed with the Equal Employment Opportunity Commission, Kansas Human Rights Commission, Department of Labor, and other agencies in which any "Defendant" is alleged to have violated Title VII, the ADEA, ADA, FLSA or any other state or federal anti-discrimination law, for the ten-year period preceding the filing of Plaintiffs' lawsuit.

Respondents objected on the basis that this interrogatory is overly broad and unduly burdensome, is not calculated to lead to the discovery of admissible evidence, and seeks irrelevant information.

Respondents also objected to its temporal and geographic scope and asserted that charges filed pertaining to any facility outside of the Kansas City Region are not discoverable because no collective action has been certified.

Respondents later agreed that they would respond for the time period June 6, 2000 to the present for any charges filed by a current or former employee under the supervision of Jim Kelly, i.e., employees employed in the Kansas City Region, against Landvest Corporation, Clark, Ard, Security Portfolio IV, L.P., and Portfolio 2000 Corporation. Respondents then represented that no such charges had been filed.

Respondents continue to object to providing this information for any charge filed against any other entity, for the entire ten-year period requested, and for any facilities outside of the Kansas City Region.

For the same reasons cited above with respect to Interrogatory No. 9, the Court overrules the objection to geographical scope. As the Court ruled above, the relevant work unit for purposes of Plaintiffs' individual claims should be defined to include those facilities over which David Mason and Marshall Millsap had authority to make employment and termination decisions. Thus, the Court finds that charges filed by any employee against a facility within that work unit is discoverable with respect to Plaintiffs' individual claims. The Court will, consistent with its rulings above, limit the scope of this interrogatory to the three years preceding Plaintiffs' termination of employment. Respondents shall serve their supplemental response to this interrogatory, as limited herein, within **thirty (30) days** of the date of this Order.

12.     *Interrogatory No. 20*

Interrogatory No. 20 asks Respondents to identify each current and former Regional Manager employed by "Defendants" and to provide addresses, telephone numbers, dates of birth, and territories managed. It also asks Respondents to identify the facilities within each Regional Manager's territory.

Respondents asserted their Second General Objection with respect to providing any information about entities not named as defendants in the initial Complaint. They also objected that the interrogatory is extremely burdensome, overly broad, and seeks information outside the temporal and geographic scope relevant to Plaintiffs' claims. They also objected on the basis that the action has yet to be certified as a collective action. Without waiving those objections, Respondents provided the requested information for the Regional Manager in charge of the facilities in the Kansas City Region for the time period June 6, 2001 to the present.

The Court finds that Respondents' Second General objection applies here, and that it relieves them of the obligation to provide the requested information for any entities other than Respondents, i.e., Landvest, Clark, and Ard. The Court will now proceed to determine the validity of Respondents' other objections as they apply to the information requested of Respondents.

Respondents have not supported their undue burden objection, and, thus, it is overruled. For the same reasons cited above with respect to Interrogatories No. 6, 9 and 11, the Court overrules Respondents' objection to geographical scope, and will require Respondents to provide the requested information for any current or former Regional Manager—regardless of location—employed by Respondents. The Court will again, consistent with its rulings above, limit the time period to the three years preceding Plaintiffs' termination of employment through the present. Respondents shall serve their

supplemental response to this interrogatory, as limited herein, within **thirty (30) days** of the date of this Order.

13.     Interrogatory No. 22

This interrogatory asks Respondents to identify each individual who was a participant in, or covered by, "Defendants'" health or medical insurance plan or program at any time during the five years prior to Plaintiffs' termination.  For each individual identified, Plaintiffs seek the date any individual was removed from the plan or program and the name of the insurance agent/representative with whom the individual communicated in regard to the plan or program.  Plaintiffs also ask Respondents to identify all written or electronic communications between "Defendants" and the insurance agents/representatives.

Respondents asserted numerous objections to this interrogatory, including relevance, but did provide redacted copies of Landvest's "Group Billing Summaries" received from its medical insurance provider for a certain time period.  The names and identification numbers of employees listed were redacted to address "privacy concerns."

The Court does not comprehend the relevance of this information, and the relevance of this information is not apparent on the face of the interrogatory.  It is well settled that when the relevancy of a discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[18]  Here, Plaintiffs do not explain the relevancy of the requested information.  The Court will therefore sustain Respondents' relevancy objection and will deny the Motion to Compel as to this interrogatory.

---

[18]*See, e.g., Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 615-16 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan.  2005); *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

### B.    First Requests for Production

#### 1.    General Objections

Respondents assert the same "General Objections" to Plaintiffs' requests for production that they asserted in response to Plaintiffs' interrogatories. The Court makes the same rulings with respect to these General Objections that it made with respect to the General Objections to Plaintiffs' interrogatories.

#### 2.    Request No. 5

This request seeks all policy, training, employee, and other manuals and handbooks provided at any time to the Resident Managers. Respondents objected on the basis that the request seeks irrelevant information and is extremely burdensome, overly broad, and outside the temporal and geographic scope of Plaintiffs' claims. They also objected on the basis that the request is overly broad because the action has not been certified as a collective action. Without waiving their objections, Respondents produced the manuals and handbooks that had been provided to the Residents Managers in the Kansas City Region since June 6, 2000.

Respondents have not met their burden to show that producing these manuals is unduly burdensome. That objection is therefore overruled. With respect to Respondents other objections, however, the Court will sustain them. Plaintiffs have not shown how production of the manuals for Resident Managers employed outside the Kansas City Region is relevant to Plaintiffs' individual claims or how production of the manuals is relevant to determine the identities of any similarly situated Resident Managers. The Court finds that Respondents have properly responded to this request by producing the manuals and handbooks provided to the Resident Managers in the Kansas City Region since June 6, 2000. The Court therefore denies the Motion to Compel as to this request.

### 3.      Request No. 7

Request No. 7 asks Respondents to produce an organizational chart for each "Defendant" except Ard and Clark.  Respondents have produced a chart for Landvest, but objected to producing charts for any other entity.

The Court finds that Respondents' Second General Objection applies here, and, in accordance with the Court's earlier ruling, relieves Respondents from having to provide the requested organizational charts for any other entities.  The Court therefore denies the Motion to Compel with respect to this request.

### 4.      Requests No. 8 and 9

These requests seek documents relating to monthly occupancy percentages and monthly square footage occupancy percentages for the Security Self-Storage facilities.   Respondents objected on numerous grounds, including relevance and overbreadth.   Notwithstanding these objections, the parties state that they have agreed to limit these requests to the facilities in the Kansas City Region.  They are unable, however, to agree as to the temporal scope.  Plaintiffs indicate that they will limit the request to the five-year period preceding Plaintiffs' termination.  Respondents are willing to provide the requested documents for the three-year period preceding the termination, and, in fact, have already produced those documents.

Plaintiffs fail to explain the relevance of these documents.  The Court, thus, finds no reason to require Respondents to provide any materials outside of the time period already provided.  The Court therefore denies the Motion to Compel as to these requests.

5.      *Requests No. 11, 15, and 17*

Request No. 11 seeks monthly and weekly reports generated by Plaintiffs while employed as Resident Managers.  Request No. 15 seeks performance evaluations, employment reviews, and inspection reports for each Resident Manager and each facility in the Kansas City Region during the period of Plaintiffs' employment.  Request No. 17 seeks all training materials and related documents used to train Resident and Regional Managers

Respondents objected to these requests on several grounds.  The parties again, however, indicate that they have resolved their disputes about these requests except for the temporal scope of the requests. Plaintiffs argue that the relevant time period should be the five years preceding Plaintiffs' termination, while Respondents argue that it should be three years.  For the reasons set forth above, the Court finds that the relevant time period is three years preceding Plaintiffs' termination.  Respondents indicate that they have already produced all responsive documents for that time period.  The Motion to Compel is therefore denied as to these requests.

## III.    Plaintiffs' Request for Expenses and Fees

Plaintiffs seek their reasonable expenses, including attorney fees, incurred in preparing the Motion to Compel.  Federal Rule of Civil Procedure 37(a)(4)(C) allows a court to impose sanctions where, as here, a motion to compel is granted in part and denied in part.  Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[19]

---

[19]  Fed. R. Civ. P. 37(a)(4)(C).

Here, Plaintiffs' Motion to Compel has been granted in part and denied in part. The Court concludes that Plaintiffs are entitled to recover at least a portion of their reasonable expenses and fees. To aid the Court in determining the proper amount of Plaintiffs' recovery, Plaintiffs' counsel shall, within **thirty (30) days** of the date of filing of this Order, file an affidavit itemizing the expenses, including attorney fees, that Plaintiffs have incurred in connection with their Motion to Compel. Respondents shall have **eleven (11) days** thereafter to file a response to the affidavit, and Plaintiffs shall have **eleven (11) days** thereafter to file a reply brief, if they so choose. After reviewing the briefs, the Court will issue an order specifying the amount and time of payment.[20]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendants' Discovery Responses (doc. 90) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that all supplemental responses to interrogatories required to be served as a result of this Order shall be served within **thirty (30) days** of the date of filing of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of fees and expenses is granted in part, and the parties shall follow the briefing schedule set forth herein regarding the amount of reasonable expenses and fees to be awarded.

---

[20]The Court recognizes that before Rule 37 expenses and fees may be awarded, it must afford the parties an "opportunity to be heard." *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *11 n.7 (quoting Fed. R. Civ. P. 37(a)(4)(C)). The Advisory Committee Notes to the 1993 Amendments to Rule 37(a)(4) make it clear that a court may consider the issue of sanctions "on written submissions." Here, Plaintiffs specifically moved to recover expenses and feees in their motion, and Respondents had the opportunity to respond to their request. In addition, the Court is seeking specific information regarding the reasonable amount of the fees and expenses that should be awarded. The Court therefore finds that the parties will have had sufficient "opportunity to be heard" within the meaning of Rule 37(a)(4).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 31st day of March 2006.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties